United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal Case No. 13-20505 |
| ) | |
| Roger Rousseau, Doris Crabtree, ) | |
| Angela Salafia, and Liliana Marks, ) | |
| Defendants ) | |

## Order Denying Defendants' Motion For
## Judgment Of Acquittal Or New Trial

Three of the Defendants in this case—Doris Crabtree, Angela Salafia, and Liliana Marks—have renewed their motion for judgment of acquittal, and alternatively seek a new trial. For the reasons explained below, the Court denies the motion.

Federal Rule of Criminal Procedure 29(c), which governs motions for judgment of acquittal, "tests the sufficiency of the evidence against a defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." *United States v. Collantes*, 2011 WL 2784266, at *4 (S.D. Fla. July 13, 2011) (Altonaga, J.) (citation omitted). A Court must determine whether, based on the evidence, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999). That is to say, when "viewing the evidence in the light most favorable to the prosecution, would any rational trier of fact [find] all the essential elements of the crime beyond a reasonable doubt"? *See United States v. Lopez*, 403 F. App'x 362, 370-71 (11th Cir. 2010).

Under Federal Rule of Criminal Procedure 33, which governs motions for new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant or deny a criminal defendant's motion for new trial rests with the district court's sound discretion. *See United States v. Rafferty*, 296 F. App'x 788, 796 (11th Cir. 2008). The trial court is not free, however, "to reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." *See Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *See id.* (citation omitted). This ensures that the district court's judgment is not substituted for that of the jury. *See id.*

The Defendants' first argument is that the Government improperly relied on evidence of acquitted conduct to show their involvement in a health-care-fraud

conspiracy. They claim this violates the Constitution's Double Jeopardy Clause and the doctrine of collateral estoppel. But the Court has already considered these arguments and rejected them. (Order, ECF No. 614.) The Court's ruling and rational remain the same now as it was then.

The Defendants also argue that a new trial is appropriate because the Government improperly asked the jury to rely on "best or preferred medical practices . . . rather than the specific regulatory Medicare standards applicable to a Medicare fraud prosecution." (Mot. J. Acquittal ¶ 1, ECF No. 683.) The evidence elicited from the Government's witnesses focused on what the Medicare laws and regulations permitted and forbade. (*See* Gov't Resp. 16–17, ECF No. 697 (citing numerous portions of the trial record).) And, the Court specifically instructed the jury about the difference between Medicare rules and ethical standards—and how the ethical standards were relevant to this case. (Jury Insts. 14–15, ECF No. 625 ("During this trial you have heard testimony regarding Medicare's civil rules and regulations and opinions regarding ethical standards and standards of care . . . . I caution you that a violation of these civil statutes, rules, regulations, ethical standards or standards of care is not a crime. . . . . Even if you find the claims to Medicare were not allowable under the applicable statutes, rules, and regulations, a Defendant cannot be convicted of a crime merely for breaching civil statutes, rules, regulations, ethical standards, and standards of care applicable to his conduct. However, Medicare's rules and regulations, ethical standards, and standards of care may be relevant in determining whether a Defendant acted with criminal intent, that is, knowingly, willfully, and with the intent to defraud Medicare. That is how you may consider this evidence.").) Contrary to the Defendants assertions, they are not entitled to a new trial—or a judgment of acquittal—based on this argument.

Finally, as the Court articulated on the record after the Government rested and again after all the Defendants rested, the Government presented extensive evidence during trial from which a reasonable jury could find the Defendants guilty beyond a reasonable doubt. As such, the Court must deny the motion for judgment of acquittal.

For the reasons explained in this Order, in the Court's previous order denying the Defendants' motion to dismiss (ECF No. 614), and in the Government's response brief (ECF No. 697), and after reviewing the record and the relevant legal authorities, the Court **denies** the Defendants' motion for judgment of acquittal or alternatively for a new trial.

**Done and ordered** in chambers at Miami, Florida on November 5, 2015.

Robert N. Scola, Jr.
United States District Judge